UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT C. RIOPELLE,

 Petitioner,         Civil Action No. 2:08-11754
v.                HONORABLE LAWRENCE P. ZATKOFF
                    UNITED STATES DISTRICT COURT
L.C. EICHENLAUB,

 Respondent,
_____/

## OPINION AND ORDER DENYING
## THE PETITION FOR WRIT OF HABEAS CORPUS

Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner seeks relief from the Bureau of Prisons' (BOP) determination that he is ineligible for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B) for his successful completion of a drug treatment program. For the reasons stated below, the petition for writ of habeas corpus is SUMMARILY DISMISSED.

### I. Background

Petitioner is currently serving a sentence of thirty-eight months imprisonment for his conviction for one count of felon in possession of a firearm pursuant to 18 U.S.C. § 922(g). While incarcerated, Petitioner entered the BOP's Residential Drug Abuse Treatment Program. Petitioner applied for a one-year reduction in his sentence with the BOP pursuant to 18 U.S.C. § 3621(e)(2)(B), but was denied eligibility for a reduction of his sentence based on the fact that he was convicted of being a felon in possession of a firearm. Petitioner has now filed a petition for writ of habeas corpus, in which he seeks habeas relief on the following ground:

The BOP [Bureau of Prisons] has improperly denied petitioner eligibility for

1

sentence reduction by enforcing regulation 28 C.F.R. 550.58, which is an invalid regulation that failed to comply with [the] Administrative Procedures Act (APA). Therefore, the BOP's actions were [an] abuse of discretion and otherwise not in accordance with the law. 5 U.S.C. § 706(2)(A).

## II. Discussion

A petition for writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is proper where the inmate is challenging the manner in which his or her sentence is being executed. *Capaldi v. Pontesso*, 135 F. 3d 1122, 1123 (6th Cir. 1998). A district court has jurisdiction over a federal prisoner's habeas corpus petition challenging a determination by the BOP that he is ineligible for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B). *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 793 (E.D. Mich. 2001).

Pursuant to 18 U.S.C. § 3621(e)(2)(B), the BOP may, in its discretion, reduce the sentence of an inmate convicted of a nonviolent offense by up to one year following the successful completion of a substance abuse treatment program. To provide guidelines for the implementation of the early release program, the BOP adopted 28 C.F.R. § 550.58, which provides that inmates convicted of felonies involving the carrying, possession, or use of a firearm are not eligible for the early release program. In *Lopez v. Davis*, 531 U.S. 230, 238-245 (2001), the Supreme Court upheld § 550.58 and determined that the BOP, pursuant to its discretion to prescribe additional early release criteria, is entitled to categorically exclude certain inmates from early release. The court stated that "the Bureau need not blind itself to preconviction conduct that the agency reasonably views as jeopardizing life and limb," *id*. at 242, and concluded that the BOP had the discretion to promulgate and use § 550.58 to categorically deny early release to federal prisoners whose felonies involved the use of a firearm. *Id.* Thus, the Supreme Court ruled that the BOP could reasonably conclude that an inmate's prior involvement with firearms, in connection with a felony, suggested a readiness to

resort to "life-endangering violence" that was relevant to the early release decision. *Id.* at 244.

Nevertheless, Petitioner claims that § 550.58 is an invalid regulation, because it was not promulgated in compliance with the requirements of the Administrative Procedures Act (APA). In support of his argument, petitioner cites to *Arrington v. Daniels*, 516 F. 3d 1106 (9th Cir. 2008), in which the court held the BOP's implementation of § 550.58 violated the provisions of the APA, because the BOP failed to articulate a rationale for categorically excluding from early release any prisoner who had been convicted of an offense involving the carrying, possession, or use of a firearm as required under 5 U.S.C. § 706(A)(2). The problem with the Ninth Circuit's decision, however, is that it ignores 18 U.S.C. § 3625, which exempts the BOP's decision to deny the reduction of a sentence from the requirements of 5 U.S.C. § 706(A)(2). *See* 18 U.S.C. § 3625 (providing that 5 U.S.C. § 706 "do[es] not apply to the making of any determination, decision or order" made by the BOP pursuant to the provisions of 18 U.S.C. §§ 3621 *et seq*.). Thus, this Court lacks jurisdiction, pursuant to 18 U.S.C. § 3625, to review Petitioner's claim that the BOP's enactment of § 550.58 violated the APA.

In the present case, Petitioner was convicted of being a felon in possession of a firearm. Because Petitioner's offense was a felony which involved the carrying, possession, or use of a firearm, he was ineligible for a sentence reduction based on his successful completion of the drug treatment program. *See United States v. Smith,* 474 F. 3d 888, 894-95 (6th Cir. 2007). Petitioner thus fails to state a claim upon which habeas relief can be granted. *See Cushenberry v. Federal Medical Center*, 530 F. Supp. 2d 908, 914 (E.D. Ky. 2008). As the instant petition is facially insufficient to grant habeas relief, the petition is subject to summary dismissal. *See Perez,* 157 F. Supp. 2d at 796.

3

## III. ORDER

Based upon the foregoing, the Petition for a Writ of Habeas Corpus is SUMMARILY DISMISSED WITH PREJUDICE.

                                                  S/Lawrence P. Zatkoff
                                                  LAWRENCE P. ZATKOFF
                                                  UNITED STATES DISTRICT JUDGE

Dated: July 29, 2008

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 29, 2008.

                                                  S/Marie E. Verlinde
                                                  Case Manager
                                                  (810) 984-3290